IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.                                                                    CIV 05-420 MCA/KBM
                                                                      CR 03-1650 MCA

RICHARD PENA,

      Defendant-Movant.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Defendant Richard Pena, through counsel, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. *Doc. 1.* The United States moves to dismiss the petition as time barred, or alternatively, without merit. *Doc. 5.* I recommend that the petition be dismissed as time-barred. *See Doc. 1.*

The facts are not in dispute. Defendant was arrested along with four others and charged with possession with intent to distribute more than 500 grams of cocaine. The charge carried a mandatory minimum sentence of five years. The drugs, along with a firearm and other items, were taken from the trunk of a car. Defendant was among the passengers, one of whom was his girlfriend Melissa. *See, e.g, United States v. Pena,* CR 03-1650 MCA (*Docs. 1, 62*); *Doc. 6,* Exh. 5 at 4-11 (hereinafter "*Sentencing Transcript*"); 21 U.S.C. § 841(b)(1)(B).

Pena pleaded guilty pursuant to a written plea agreement. *United States v. Pena,* CR 03-1650 MCA (*Doc. 62*; hereinafter "*Plea*"). Among other things, the agreement noted that he was a minor participant, would not seek a downward departure, and may be eligible for the safety

valve provision under 18 U.S.C. § 3553(f). Under that provision, a defendant can be sentenced under the Guidelines "without regard to any statutory minimum sentence" provided certain criteria are met, including that the "defendant did not . . . possess a firearm . . . in connection with the offense." *Id.* (subsection 2). On the other hand, the agreement also noted that the United States expressly reserved the "right to make known to the United States Probation Office, for inclusion in the presentence report . . . any information that the United States believes may be helpful to the Court." *Id.* at 3-5.

Pena's trial attorney thought that because the weapon was not discussed during the plea negotiations, as is generally the case, the United States believed the weapon would have no "impact" for Pena.[1] When this attorney received the presentence report, however, it provided that Defendant "possessed" the weapon. Counsel was surprised, and thus raised objections during the sentencing hearing. He did not object on the basis that attributing the weapon to Defendant would render him ineligible for the safety valve provision. Instead, his objection was that it would render Defendant ineligible for certain prison programs and for "boot camp." *Sentencing Transcript* at 4-6.

The United States thought that it had arranged to have an FBI agent available to testify concerning the weapon, but the agent was noticed to appear to testify at the same time in state court on a different matter. *See id.* at 8-9. Therefore, the United States reiterated the presentence report information that the gun was loaded, with a round in the chamber, and had

---

[1]  A co-defendant, but not Pena, was charged with possession of a stolen gun and possession with intent to distribute less than 500 grams of cocaine. *See, e.g., United States v. Pena,* CR 03-1650 MCA (*Docs. 64, 104, 107, 109*). According to the presentence report, the stolen gun was not the same weapon that is at issue here.

2

been placed in a duffle bag. The duffle also held a very small percentage of the cocaine, some marijuana, men's and women's clothing, and Melissa's ID. The bulk of the cocaine was found in a shopping bag, also located in the trunk. The co-defendant who was the owner of the car stated that this gun belonged to Pena. *See id.* at 5-10.

Pena's attorney took the position that the placement of the duffle and shopping bag was speculative, but did not disagree with the description of what they contained. He did not ask the court to have the United States produce its witness or ask for the opportunity to present contrary evidence. District Judge Armijo found that the weapon was connected to the drug offense and that Defendant "possessed" it. She sentenced him to the five-year mandatory minimum, but also recommended that he be placed in the Bureau of Prisons Intensive Confinement Center at Lompoc, California when he becomes eligible, and that the Bureau of Prisons permit him to participate in its drug and alcohol treatment program. *See id.* at 11, 16-18. The separate judgment, filed Friday, March 19, 2004, reflects those recommendations. *See United States v. Pena,* CR 03-1650 MCA (*Doc.* 96).

A one-year statute of limitations governs § 2255 petitions and it begins to run "from the latest" of four possible time periods, only two of which are implicated here. The United States takes the position that the date Pena's conviction became final is the triggering date. *See Doc. 5.* Pena acknowledges that in his habeas application, he incorrectly identified the entry date of the judgment and commitment order, and now agrees with the government that his conviction became "final" for habeas limitations purposes on April 1, 2004 because he did not appeal within ten days as required by FED. R. APP. P. (b)(1)(A)(i). *See Doc. 9* at 2 & *Doc. 5* at 4. Thus, his petition

pursuant to § 2255 needed to be filed[2] by the one-year "anniversary date," or April 1, 2005.[3]
Because Pena filed this petition on April 11, 2005, it is untimely absent another triggering date for
the deadline.

Having conceded that the petition is untimely under this calculation, habeas counsel argues
in his reply that the triggering date should be "the date on which the facts supporting the claims or
claims presented could have been discovered through the exercise of due diligence," under the
part of the statute commonly cited as "§ 2255(4)." *Doc. 9* at 2.[4] Pena's § 2255 petition asserts
ineffective assistance of counsel because: (1) the firearm was not discussed during plea
negotiations, and (2) after learning of the firearm consequences in the presentence report, trial
counsel failed to use FED. R. CRIM. P. 32(i)(2) to request that Judge Armijo either permit him to
present evidence disputing firearm possession or require the United States to produce the
statement of the person who said the firearm belonged to Pena. *See Docs. 1-2.*

Habeas counsel was retained four and a half months after the judgment of conviction was
entered. *Doc. 9* at 2. He asserts that with "due diligence" of some unspecified length, he was
able to discover the facts ***and*** law that give rise to the claims presented. He argues that Petitioner
should therefore be deemed to have "discovered new facts" only after habeas counsel was
retained, and the petition should be considered timely both under the "requirements" and "spirit"

---

[2] Because Pena is represented by an attorney in this § 2255 matter, the "prison mailbox" rule does
not apply. *E.g., Cousin v. Lensing,* 310 F.3d 843, 847 (5th Cir. 2002), *cert. denied,* 539 U.S. 918 (2003).

[3] *See, e.g., United States v. Hurst,* 322 F.3d 1256, 1260 (10th Cir. 2003); *Malone v. Oklahoma,*
100 Fed. Appx. 795, 796 (10th Cir. 2004); *United States v. Pyeatt,* 59 Fed. Appx. 275, 277 (10th Cir.),
*cert. denied,* 538 U.S. 1044 (2003).

[4] In setting a briefing schedule, I authorized the United States to file a surreply by June 27, 2005 if
it wished. *See Doc. 8.* It elected not to do so.

of § 2255(4).  *Id.* at 2-3.  I disagree on both counts.

Both § 2255(4), and its counterpart provision for state habeas proceedings under

§ 2244(d)(1)(D), are concerned with discovery of the facts, and not with the legal theories that

those facts may support.[5]  Here, the factual basis for the ineffectiveness claims are the manner in

which trial counsel dealt with the firearm issue, and those facts were known by Petitioner at least

by the time of sentencing.

There is no constitutional right to post-conviction counsel, and the only instance when the

limitations period can possibly be delayed due to an attorney being retained is where the client is

---

[5]    Although I have not found a Tenth Circuit decision that specifically so states, this general
principle is plain from the face of the statute and is well-established in case law, even though there has been
disagreement on whether a state court decision vacating a conviction constitutes a "fact."  *See Johnson v.
United States,* ___ U.S. ___, ___, 125 S. Ct. 1571, 1580 (2005) ("the one year starts running when the
*operative facts* 'could have been discovered through the exercise of due diligence.'") (emphasis added);
*Brackett v. United States,* 270 F.3d 60, 69 (1st Cir. 2001) ("We start with 28 U.S.C. § 2244(d)(1), with its
parallel language to § 2255. . . . reference to 'factual predicates; has been interpreted to mean evidentiary
facts or events and not court rulings or legal consequences of the facts."), *cert. denied,* 535 U.S. 1003
(2002); *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000) ("Owens contends . . . he spent . . . nine months
investigating what he could do about his situation, finally concluding in December 1998 that he could seek
collateral relief on the ground of ineffective assistance. . . .  Owens's approach disregards the language of
the statute.  He proposes that the year to file a federal petition begins when a prisoner actually understands
what legal theories are available.  That is not what § 2244(d)(1) says. . . . [the] trigger in § 2244(d)(1)(D)
is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal
significance.  Most federal statutes of limitations are injury-based.  Unlike some state systems, which start
the time only when a party knows (or should recognize) that a legal wrong has been done, federal statutes
use objective indicators as triggers. . . .  Time begins when the prisoner knows (or through diligence could
discover) the important facts, not when the prisoner recognizes their legal significance.  If § 2244(d)(1)
used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's
case illustrates."); *Johnson v. United States,* 340 F.3d 1219, 1223-24  (11th Cir. 2003) (the decision
affirmed by the Supreme Court, above; "Others of our sister Circuits have interpreted 'factual predicate'
in § 2244 to mean historical facts, not court rulings or legal consequences. . . .  As the Supreme Court
commonly interprets § 2254 and § 2255 in light of each other . . . we interpret the limitations period of §
2255 consistently with the limitations period of § 2244."); *see also Jackson v. Saffle,* 37 Fed. Appx. 420,
421 (10th Cir. 2002) (date petitioner learned he was denied parole was operative; date petitioner received
copies of court opinions did not equitably toll statute since ignorance of law will not suffice); *Baker v.
Saffle* 2000 WL 1144971 at *1 (10th Cir. 2000) ("Nor, as noted by the district court, does the [new state
court decision] implicate § 2244(d)(1)(D).  The decision . . . establishes state legal precedent; it does not
bring to light any new facts relevant to Baker's habeas claims.").

incompetent.  Pena's competency is not at issue here.  *See Fisher v. Gibson,* 262 F.3d 1135, 1145 (10th Cir. 2001), *cert. denied,* 535 U.S. 1034 (2002).

Nor do these circumstances qualify for equitable tolling.  *See, e.g., Salazar v. Lemaster,* 130 Fed. Appx. 208, 210 (10th Cir. 2005) ("As the district court judge noted, because counsel is not required in post-conviction proceedings, any miscalculation or inaction on the part of counsel or a prison litigation coordinator cannot constitute grounds to toll the statute.); *see also Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Weibley v. Kaiser,* 50 Fed. Appx. 399, 403 (10th Cir. 2002)."), *petition for cert. filed May 20, 2005* (No. 04-1578).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the United States' motion *(Doc. 5)* be granted, and Pena's motion pursuant to § 2255 petition *(Doc. 1)* be dismissed as time-barred.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____

UNITED STATES MAGISTRATE JUDGE